IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DENNIS B. McGUIRE,

        Petitioner,    :    Case No. 3:12-cv-310

  - vs -                           Chief Judge Susan J. Dlott
                                        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
 Institution,

        Respondent.    :

# REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(Doc. No. 124). The Warden opposes the Motion (Doc. No. 125) and McGuire has filed a Reply in Support (Doc. No. 126).

This Court denied McGuire's Petition for Writ of Habeas Corpus July 2, 2007 (Doc. No. 116). The Sixth Circuit affirmed, *McGuire v. Mitchell*, 619 F.3d 623 (6th Cir. 2010), and the Supreme Court denied certiorari, *McGuire v. Ohio*, ___ U.S. ___, 131 S. Ct. 2103, 179 L. Ed. 2d 901 (2011). On April 21, 2011, the Sixth Circuit issued its Mandate, returning jurisdiction to this Court (Doc. No. 122). The instant Motion was filed September 5, 2012.

McGuire's Motion is made under Fed. R. Civ. P. 60(b)(6)[1] and seeks to reopen the judgment so that the Court can reconsider its holding on the second ground for relief, subclaim c.i, which reads as follows: "c. Defense counsel's actions and omissions during the penalty

---
[1] The first actual reference to the subsection which is the basis of the Motion appears on the twenty-ninth page of the Motion at PageID 713.

1

phase of McGuire's capital trial deprived him of the effective assistance of counsel. i. Inadequate preparation and presentation of mitigation evidence." (Quoted in Report and Recommendations, Doc. No. 91, PageID 245). Because this is a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommendations.

**Procedural History of Ineffective Assistance of Trial Counsel Claims**

McGuire raised a claim of ineffective assistance of trial counsel as his seventh proposition of law on direct appeal to the Ohio Supreme Court.[2] The Ohio Supreme Court found the claim "waived" without saying how it was waived.[3] *State v. McGuire*, 80 Ohio St. 3d 390, 394 (1997). The Report and Recommendations concluded the second ground for relief was procedurally defaulted on this basis and should therefore be denied (R&R, Doc. No. 91, PageID 252-255). Petitioner made no objections to this conclusion (Objections, Doc. No. 94) and it was accordingly adopted by Judge Dlott (Doc. No. 103). Obviously it was not an issue on appeal to the Sixth Circuit.

McGuire also claimed in the Ohio Supreme Court that he had received ineffective assistance of appellate counsel in the Ohio court of appeals because, inter alia, appellate counsel failed to assert ineffective assistance of trial counsel for failure to present the evidence he now believes should be considered. The Ohio Supreme Court decided this claim as follows:

---

[2] Because the murder in this case was committed before January 1, 1995, McGuire's direct appeal went first to the Ohio Court of Appeals.

[3] "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.' *Johnson v. Zerbst,* 304 U.S. 458, 464, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938); *see, e. g., Freytag v. Commissioner*, 501 U.S. 868, 894, n. 2, 115 L. Ed. 2d 764, 111 S. Ct. 2631 (1991) (SCALIA, J., concurring in part and concurring in judgment) (distinguishing between "waiver" and "forfeiture"). *United States v. Olano*, 507 U.S. 725 , 733 (1993).

2

> McGuire also claims that appellate counsel were ineffective for not raising a number of alleged penalty-phase errors made by trial counsel. First, he claims "inadequate preparation and presentation of mitigation evidence," because counsel should have hired a "mitigation specialist" to gather mitigating evidence. However, he cites no authority that this is a requirement of effective assistance, and we hold that it is not. He further complains that trial counsel should have called more than just the two members of McGuire's family to testify in the penalty phase. But the record does not show that this resulted from inadequate investigation or incompetent decisionmaking. In addition, McGuire claims that Dr. Kuehnl, the defense psychologist who testified on his behalf, was inadequately prepared and should have performed routine tests to determine whether McGuire was suffering a mental disorder. McGuire appears to blame defense counsel for this, but the record provides no basis to do so. Kuehnl may have decided that such tests were unnecessary. If so, it seems reasonable that counsel would defer to the psychologist's professional judgment. Given the difficulty of proving ineffective assistance of trial counsel and the weakness of appellant's claims, McGuire's appellate counsel were not deficient in failing to raise the issue of ineffective trial counsel.

80 Ohio Sup Ct. 3d at 399. Thus while the Ohio Supreme Court did not directly rule on the merits of the ineffective assistance of trial counsel claims because they were waived, it reached the merits of those claims on the way to deciding that it was not ineffective assistance of appellate counsel to fail to complain of trial counsels' performance in these particulars.

In addition to taking a direct appeal, McGuire filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. The trial court denied the petition without a hearing. In his petition McGuire had asserted ineffective assistance of trial counsel for (1) failure to call Darlene McGuire and Jerry Baker as alibi witnesses, (2) failure to adequately cross-examine the DNA witnesses, and (3) failure to file a motion to suppress results of his blood test when the blood was allegedly illegally drawn. *State v. McGuire*, 1998 Ohio App. LEXIS 1672 *5-10 (Ohio App. 12th Dist. Apr. 20, 1998). The court of appeals agreed that all three of these claims were barred by the Ohio criminal *res judicata* doctrine. *Id.* at *8, *9, *10, *18.

McGuire filed a second petition for post-conviction relief which included the ineffective assistance of trial counsel claims now sought to be litigated here. The trial court dismissed the claims on the basis of *res judicata* and the court of appeals affirmed on the same basis. *State v. McGuire*, 2001 Ohio App. LEXIS 1826 (Ohio App. 12th Dist. Apr. 23, 2001). The court recited the applicable Ohio *res judicata* doctrine as follows:

> Under the doctrine of *res judicata*, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial or on an appeal from that judgment. *State v. Perry* (1967), 10 Ohio St. 2d 175, 180, 226 N.E.2d 104. *Res judicata* applies to postconviction proceedings, barring consideration of constitutional issues that have already been fully litigated before a prisoner's conviction or on direct appeal from that judgment. *Id*. at 179. Res judicata also applies to consecutive postconviction petitions, precluding a court from considering in a second petition the same issue that has been raised in the first petition. *State v. Castro* (1979), 67 Ohio App. 2d 20, 425 N.E.2d 907, syllabus; *State v. Blankenship*, 1997 Ohio App. LEXIS 4985 (Nov. 10, 1997), Butler App. Nos. CA97-03-062, CA97-03-063, unreported, at 8.

*McGuire*, 2001 Ohio App. LEXIS at *26-27.

The record demonstrates that McGuire raised on direct appeal to the Ohio Supreme Court the same claims he now makes. At page 92 of his Brief, he argues counsel were ineffective for inadequate preparation and presentation of mitigation evidence (Ex. 75 to Return of Writ, Doc. No. 17). McGuire complained that "[n]o other relatives testified, not his other siblings, and not one of the six or so 'stepfathers' who were in and out of his life as Mr. McGuire was growing up. … Further, no friends, neighbors, family doctors teachers or counselor's [sic] testified about Dennis McGuire's past." *Id.* at page 93. McGuire also complained about the paucity of testimony from Dr. Kuehnl. *Id.* Having made the argument in the Brief, counsel apparently waived it at oral argument, because the Ohio Supreme Court had found it was waived as a direct

4

claim of ineffective assistance of trial counsel, although it reached the merits when the same arguments were presented as underlying the ineffective assistance of appellate counsel claims.

## The Decision in *Martinez v. Ryan*

McGuire moves to reopen the judgment in this case not because of any error this Court made in adjudicating his Petition, but because of the change in the law wrought by *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012).

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court had held that an attorney's ignorance or inadvertence in a postconviction proceeding did not qualify as cause to excuse a procedural default. *Coleman* remained the law for twenty years and the District Court in *Martinez* and the Ninth Circuit on appeal in that case applied *Coleman* to bar consideration of an ineffective assistance of trial counsel claim which had been procedurally defaulted by failure to raise the claim by the first attorney who could have raised it. The Supreme Court reversed, holding:

> To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

*Martinez*, ___ U.S. ___, 132 S. Ct. at 1315. The Court noted that Arizona "does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review. Instead, the prisoner must bring the claim in state collateral proceedings." *Id*. at 1313. As

5

the Court noted, citing *Massaro v. United States*, 538 U.S. 500 (2003), Arizona parallels the federal system in this regard: federal court claims of ineffective assistance of trial counsel cannot be raised on direct appeal even if they depend on the record; they must be raised by motion to vacate under 28 U. S.C. § 2255. Because a collateral petition was the only proceeding in which an ineffective assistance of trial counsel claim could be raised in Arizona, the Supreme Court thought it should be made more like the situation where a claim of ineffective assistance of trial counsel can be raised on direct appeal, where a defendant is constitutionally guaranteed the effective assistance of counsel so that a defective representation on direct appeal can provide excusing cause. See discussion, *Martinez*, ___ U.S. ___, 132 S. Ct. at 1317.

The precise holding in *Martinez* is

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

*Id*. at 1318-1319. The Court emphasized the narrowness of the new rule. "*Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial." *Id*. at 1319. "The rule of *Coleman* governs in all but the limited circumstances

recognized here." *Id*. at 1320.

McGuire argues *Martinez* is applicable here because "[t]he only way to place before Ohio courts information outside of the initial trial record demonstrating trial counsel's failure to investigate and prepare for mitigation is through Ohio Rev. Code § 2953.21." (Motion, Doc. No. 124, PageID 711). While that is true, a petition for post-conviction relief is not, as is the case in Arizona, the only way to present a claim of ineffective assistance of trial counsel in Ohio. Here McGuire's counsel decided to raise the same claim of ineffective assistance of trial counsel made here both as a free-standing proposition of law on direct appeal (proposition 2) and as underlying claims to the ineffective assistance of appellate counsel proposition of law (proposition 7). Ohio law requires an appellant to choose: he can either present an ineffective assistance of trial counsel claim on direct appeal based on what is in the record or he can present the claim based on evidence *dehors* in a post-conviction petition. *Williams v. Anderson*, 460 F.3d 789 (6th Cir. 2006), is in point:

> Ohio law requires criminal defendants to bring ineffective assistance of counsel claims on direct review if the defendant has new counsel on appeal, and the trial court record contains sufficient evidence to support the claim. *State v. Cole,* 2 Ohio St. 3d 112, 2 Ohio B. 661, 443 N.E.2d 169, 171 (1982). Where the trial court record does not contain sufficient evidence to support the claim, however, the defendant must instead bring the claim in post-conviction proceedings. *See State v. Cooperrider*, 4 Ohio St. 3d 226, 4 Ohio B. 580, 448 N.E.2d 452, 454 (Ohio 1983). Unlike on direct review, in post-conviction proceedings a petitioner may introduce evidence outside the trial court record to support the claim. See id. If a defendant chooses to bring an ineffective assistance of counsel claim on direct review, however, Ohio's "res judicata" rule precludes the defendant from re-raising the claim in post-conviction proceedings. *Id*.

> In the instant case, Petitioner chose to bring his ineffective assistance of counsel claim on direct review, thereby foregoing the opportunity to present evidence outside the trial court record to support his claim. Ohio has finality and judicial economy interests

7

> in enforcing its prohibition on re-litigation of ineffective assistance of counsel claims in post-conviction proceedings. *State v. Saxon*, 846 N.E.2d 824, 109 Ohio St. 3d 176, 2006 Ohio 1245, 2006 WL 759668, at *5 (2006). Thus, normally, we would respect the Ohio court's decision to enforce "res judicata" and decline to consider a petitioner's evidence where the petitioner chose to raise his or her ineffective assistance of counsel claim on direct review. Cf. *Coleman v. Thompson*, 501 U.S. 722, 730-31, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (stating that procedurally defaulted claims are not reviewed for comity and federalism reasons).

*Id.* at 799. Because McGuire chose to raise these claims on direct appeal, *Martinez* is inapplicable to this case.

Even if *Martinez* were applicable, vacating the judgment would not be appropriate because McGuire has not demonstrated the "extraordinary circumstances" needed for relief under Fed. R. Civ. P. 60(b).

Relief should be granted under Fed. R. Civ. P. 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539, 543 (citations omitted)(6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989). Relief is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60. *Dellatifa supra; Hopper, supra.* A change in decisional law is usually not, by itself, an extraordinary circumstance. *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Subsection (b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Frontier Ins. Co. v. Blaty,* 454 F.3d 590, 597 (6th Cir. 2006)(internal quotation marks omitted).

McGuire argues that the change in law wrought by *Martinez* is sufficiently great – a "sea

change" – that this factor alone is sufficient to justify relief. As noted above, a change in decisional law alone is usually not sufficient. A change in decisional law is even less supportive of 60(b)(6) relief when the judgment has become final. *Sheppard v. Robinson*, 2012 U.S. Dist. LEXIS 117060 *23-25 (S.D. Ohio Aug. 20, 2012), relying on *Stokes v. Williams*, 475 F.3d 732 (6th Cir. 2007). Here, as in *Sheppard*, the Petitioner has received full review three times in the state court of appeals and once in the Ohio Supreme Court, followed by habeas review in this Court and in the Sixth Circuit.

## Conclusion

*Martinez* by its own terms is not applicable to this case where McGuire through counsel chose to present his ineffective assistance of trial counsel claim on direct appeal and received merits consideration from the Ohio Supreme Court. Even if Martinez were applicable, McGuire has not shown the extraordinary circumstances needed to justify relief under Fed. R. Civ. P. 60(b)(6). The Motion should be denied.

October 24, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).