# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DENNIS B. McGUIRE,

                Petitioner,   :               Case No. 3:12-cv-310

   - vs -                                       Chief Judge Susan J. Dlott
                                                  Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,

                Respondent.   :

## ENTRY REGARDING STATUS OF THE CASE

       This capital habeas corpus case is before the Court *sua sponte* upon review of the docket.

       The Petition in this case, Mr. McGuire's second-in-time habeas petition attacking his capital judgment, was filed September 19, 2012 (Doc. No. 2). The Petition contains claims parallel to those filed in a number of second-in-time capital habeas petitions filed in the Southern District of Ohio in the fall of 2012 and claims added by amendment to a number of pending capital habeas cases, to wit, claims that Ohio's lethal injection execution process is unconstitutional. This Court has found such claims cognizable in habeas corpus so long as they contend that the process cannot be changed so as to make it constitutional, following *Adams v. Bradshaw,* 644 F.3d 481 (6th Cir. 2011). Conversely, to the extent it is claimed the lethal injection process is unconstitutional but can be changed so that it conforms to the Constitution, such claims must be brought under 42 U.S.C. § 1983. McGuire is co-plaintiff with many of Ohio's other death row inmates in such a § 1983 case, *In re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, pending before Judge Frost. He is represented in that matter

1

by Attorney Gary Crim who represents him in this case and in his prior capital habeas case, 3:99-cv-140.

Unlike many of the other lethal injection cases, the State of Ohio did not seek to dismiss the Petition in this case as a second or successive petition or on the basis that it failed to state a claim cognizable in habeas corpus or was barred by the statute of limitations, although those defenses are raised in the State's Answer (Doc. No. 10; lack of cognizability at PageID 125; second or successive at PageID 130; statue of limitations at PageID 132; as well as procedural default at PageID 135).

In the Order for Answer, the Court set a date for a reply under Rule 5(e) of the Rules Governing § 2254 Cases of twenty-one days after the Answer was filed. Because the Answer was filed December 5, 2012, the reply was due December 30, 2012, allowing the extra time provided by Fed. R. Civ. P. 6. No reply was filed.

On January 4, 2013, the Court filed an Order noting the absence of a reply and the absence of any objection by Petitioner to the State's having filed no record with the Answer (Doc. No. 7). The Order further provided a deadline of January 14, 2013, for Petitioner to file a motion for the discovery he had requested generally in the Petition. No such motion was filed. The Order finally provided "[i]n the absence of such a motion, the Magistrate Judge will deem the case ripe for decision on the merits." *Id.* at PageID 162. Neither party has sought discovery nor an opportunity to brief further any of the issues raised by the Petition and Answer.

The Magistrate Judge concludes that the parties are content to have the case decided on the present record and it is deemed ripe for decision without further process or briefing.

January 22, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge